ORIGINAL SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **TO BE FILED UNDER SEAL** |
| v. | No. |
| JARED RICE, SR. (01) | **3-18CR-587-K** |

SEALED INDICTMENT

The Grand Jury Charges:

Introduction

At all times material to the indictment, unless otherwise indicated:

1. The defendant, **Jared Rice, Sr.**, was the Chief Executive Officer and a founder of AriseBank.

2. AriseBank was an unincorporated entity founded in January 2017 operated by and in the custody and control of **Rice** that purportedly maintained a place of business in Dallas, Texas. AriseBank promoted itself as the first decentralized banking platform offering numerous services to consumers for digital and fiat currency.

Scheme and Artifice to Defraud

3. Beginning no later than June 2017, the exact date being unknown to the Grand Jury, and continuing until on or about January 29, 2018, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, **Rice**, willfully and

and obtained money and property by means of untrue statements of material facts and omissions of material facts necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, in connection with the sale of securities, namely AriseCoin.

4. The object of **Rice's** scheme was to cause investors to transmit digital and fiat currencies to websites and accounts that **Rice** controlled under the guise of purchasing AriseBank's proprietary digital currency, AriseCoin, a security, through an initial coin offering ("ICO").

5. Through the scheme and artifice to defraud, **Rice**, raised in digital and fiat currency the U.S. dollar equivalent of approximately $4,250,000 from hundreds of investors.

## Manner and Means

6. Beginning no later than June 2017, **Rice** began to promote AriseBank to the public. **Rice** also began to promote AriseCoin, a new cryptocurrency to be sold by AriseBank through an ICO, in 2017. **Rice** promoted AriseBank and AriseCoin to investors via press releases, public video interviews, social media outlets such as Facebook and Twitter, and on the publicly-available websites www.arisebank.com and www.arisecoin.com.

7. **Rice** controlled the www.arisebank.com and www.arisecoin.com websites. The AriseBank website contained two whitepapers, one known as the Developer

Whitepaper and a second known as the Elevator Whitepaper.  **Rice** authored both whitepapers.

8. By use of the internet, a means and instrumentality of interstate commerce and the mails, **Rice** made numerous misrepresentations of material facts and omitted numerous facts to investors and potential investors to obtain money and property from them during the AriseCoin ICO.

9. In the offer and sale of AriseCoin, and in obtaining money and property from investors and others, defendant **Rice** made and caused to be made to investors numerous materially false and fraudulent representations of fact, including the following:

   a. that AriseBank offered the AriseCard, an AriseBank-issued Visa-branded card to consumers, when in fact, as **Rice** then knew, AriseBank had no partnership or contract with VISA.

   b. that AriseBank utilized Marqeta's world renowned VISA API, allowing AriseBank to do things that most crypto wallets are unable to do, when in fact, as **Rice** then knew, AriseBank had no partnership or contract with Marqeta.

   c. that AriseBank, AriseCoin, AriseCard, ArisePay, aOS, aEx, aIExchanger, aTransfer, aCharts, AriseID, CoinSecure, CoinPin, Thumbcoin, CoinFace, RISE and RISE Network names and/or terms are trademarked intellectual property registered to AriseBank LTD in multiple countries including the

United States of America, when in fact, as **Rice** then knew, none of these names or terms were trademarks registered to AriseBank LTD even in the United States.

d. that AriseBank was a bank that offered users traditional banking services, debit cards, and credit cards in addition to cryptocurrency services, when in fact, as **Rice** then knew, AriseBank was not a bank and had not been authorized by the Texas Department of Banking to conduct business in the state of Texas.

e. that AriseBank had completed acquisition of two traditional U.S.-based banks, held 100% of the equity in each bank, and could now offer its customers FDIC-insured accounts, when in fact, as **Rice** then knew, AriseBank had not acquired any banks and could not offer its customers FDIC-insured accounts.

f. that, by December 26, 2017, the AriseCoin ICO had raised $300,000,000, when in fact, as **Rice** then knew, the AriseCoin ICO had not.

g. that, by January 18, 2018, the AriseCoin ICO had raised $600,000,000 within the course of a few weeks and was quickly approaching being the first $1,000,000,000 ICO, when in fact, as **Rice** then knew, the AriseCoin ICO had not.

10. In the offer and sale of AriseCoin, and in obtaining money and property from investors and others, defendant **Rice** omitted to state and caused others to omit to state to investors material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, including the following:

  a. that **Rice** has pleaded guilty to the state felony crimes of Tampering with Government Records for forging a Texas Secretary of State Incorporation document, and Theft of Property Valued More Than or Equal to $1500 and Less than $20,000, for stealing funds provide by an investor in a prior internet-related business scheme and is currently on probation for these offenses.

  b. that **Rice** regularly transferred investors' Ethereum to a non-AriseBank Coinbase account with UserID ending in the characters "adaf" that **Rice** used, exchanged the Ethereum into U.S. dollars, and transferred those funds to a non-AriseBank account ending in 8935 that **Rice** controlled at Bank of America.

  c. that **Rice** converted investor funds to his own use and benefit, and the use and benefit of others, including his girlfriend, spending investor funds on his family law attorney, guardian ad litem, and for daily living expenses such as hotels, food, clothing, and Uber through the use of a debit

card and cash withdrawals for himself and others, among other expenditures.

11. According to the Developer Whitepaper, the AriseCoin ICO had three stages: a "Private Sale" scheduled to occur between on or about November 6, 2017, through on or about November 12, 2017; a "Pre-Sale" from on or about November 13, 2017, through on or about December 13, 2017; and a "Public ICO Sale" from on or about December 14, 2017, through on or about January 14, 2018, which was later extended to approximately January 27, 2018.

12. During the ICO, the AriseBank and AriseCoin websites offered AriseCoin for sale to the general public throughout the United States, including within the Dallas Division of the Northern District of Texas. To invest in the AriseCoin ICO, an individual only needed to register on the AriseBank website by providing an email address. There were no other investor requirements or restrictions.

13. During the ICO, investors could purchase AriseCoin using digital currency, including BitCoin ("BTC"), Ethereum ("ETH"), and LiteCoin ("LTC"), among others. Investors could also purchase AriseCoin using fiat currency, including PayPal.

14. After making the purchase, the investor typically received one or more communications from AriseBank via email.

15. As a result of **Rice's** scheme, artifice, device, and contrivance to defraud, and to obtain money and property, numerous individuals purchased AriseCoin during the

ICO via the www.arisebank.com and www.arisecoin.com websites, including investors whose initials are D.W., N.J., and E.T. and an FBI employee acting in an undercover capacity, all of whom made their purchases from within the United States.

<u>Counts One through Three</u>
Securities Fraud
(Violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5)

16. On or about each date for each of the below-identified Counts, defendant **Jared Rice, Sr.**, in the Dallas Division of the Northern District of Texas and elsewhere, willfully and knowingly, by use of the mails and means and instrumentalities of interstate commerce, employed one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the U.S. Securities and Exchange Commission, 17 C.F.R. § 240.10b-5, in connection with the sales of securities, namely, the sale of AriseCoin to investors, directly and indirectly:

- Employed devices, schemes and artifices to defraud;

- Made untrue statements of material facts and omitted to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

- Engaged in acts, practices, and courses of business that operated and would operate as a fraud and deceit upon a person;

all as alleged in paragraphs one through fifteen of this Indictment, which are incorporated here by reference:

| Count | Date | Event |
|---|---|---|
| 1 | December 17, 2017 | D.W. purchased AriseCoin via the internet with 0.506 ETH |
| 2 | January 20, 2018 | E.T. purchased AriseCoin via the internet with 3.4 LTC |
| 3 | January 24, 2018 | FBI undercover employee purchased AriseCoin via the internet with 0.06663659 BTC |

In violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5.

## Counts Four through Six
## Wire Fraud
### (Violation of 18 U.S.C. § 1343)

17. The Grand Jury realleges and incorporates by reference the allegations set forth in paragraphs one though fifteen of this Indictment.

18. On or about each date for each of the below-identified Counts, defendant **Jared Rice, Sr.**, in the Dallas Division of the Northern District of Texas and elsewhere, for the purpose of executing the scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did knowingly and with intent to defraud cause to be transmitted, by means of wire and radio communication in interstate commerce, certain writing, signs, signals, pictures, and sounds, namely, each of the following:

| Count | Date | Event |
|---|---|---|
| 4 | December 24, 2017 | N.J. purchased AriseCoin via the internet with 0.9160639 BTC. |
| 5 | January 17, 2018 | **Jared Rice, Sr.** sent an email via the internet to public relations firm EFF approving AriseBank's January 18, 2018, press release. |
| 6 | January 24, 2018 | FBI undercover employee purchased AriseCoin via the internet with 2.04997551 LTC. |

In violation of 18 U.S.C. § 1343.

## Forfeiture Notice
### [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

Upon conviction of any of the offenses alleged in Counts One through Six of this Indictment and pursuant to 18 U.S.C. § 981(a)(1)(C), in conjunction with 18 U.S.C. § 2461(c), the defendant, **Jared Rice, Sr.**, shall forfeit to the United States all property, real or personal, constituting or derived from proceeds traceable to the respective offense.

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the above-referenced property subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property that cannot be subdivided without difficulty, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described property subject to forfeiture.

A TRUE BILL

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
MARY WALTERS
Assistant United States Attorney
Texas State Bar No. 24003138
1100 Commerce Street, Suite 300
Dallas, Texas   75242-1699
Telephone: 214.659.8600
Facsimile: 214.659.8812

_____
SIDDHARTH MODY
Assistant United States Attorney
Texas State Bar No. 24072791
1100 Commerce Street, Suite 300
Dallas, Texas   75242-1699
Telephone: 214.659.8600
Facsimile: 214.659.8812

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

JARED RICE, SR.

SEALED INDICTMENT

15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5
Securities Fraud
(Counts 1 - 3)

18 U.S.C. § 1343
Wire Fraud
(Counts 4 - 6)

18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c)
Forfeiture Notice

6 Counts

A true bill rendered

DALLAS                                                        FOREPERSON

Filed in open court this 20 day of November, 2018.

**Warrant to be Issued**

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending