IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

JARED RICE, SR. (01)

No. 3:18-CR-587-K

PLEA AGREEMENT

Jared Rice, Sr., the defendant, Michael Kawi, the defendant's attorney, and the

United States of America (the government) agree as follows:

1.   **Rights of the defendant**:  The defendant understands that the defendant

has the rights:

      a.    to plead not guilty;

      b.    to have a trial by jury;

      c.    to have the defendant's guilt proven beyond a reasonable doubt;

      d.    to confront and cross-examine witnesses and to call witnesses in the
            defendant's defense; and

      e.    against compelled self-incrimination.

2.   **Waiver of rights and plea of guilty**:  The defendant waives these rights

and pleads guilty to the offense alleged in Count One of the Indictment, charging a

violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5, that is, Securities

Fraud.  The defendant understands the nature and elements of the crime to which the

defendant is pleading guilty, and agrees that the factual resume the defendant has signed

is true and will be submitted as evidence.

3.    **Sentence**: The maximum penalties the Court can impose include:

    a.    imprisonment for a period not to exceed 20 years;

    b.    a fine not to exceed $5,000,000, or twice the gross gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of not more than three years, which is discretionary under the law and will follow any term of imprisonment.  If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.    costs of incarceration and supervision; and

    g.    forfeiture of property.

4.    **Sentencing Agreement**:  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the

parties agree that a sentence of 60 months in prison is the appropriate disposition of the

case.  If the Court accepts this plea agreement, this provision is binding on the Court.

Other than the agreed period of imprisonment, the Court remains free to determine the

appropriate sentence under the advisory United States Sentencing Guidelines

("Guidelines").  The Guidelines are not binding on the Court but are advisory only.  Rice

has reviewed the Guidelines with his attorney but understands no one can predict with certainty the outcome of the Court's consideration of the Guidelines in this case.

Pursuant to Rule 11(c)(5), if the Court rejects this plea agreement, the Court shall afford Rice the opportunity to withdraw his plea and shall advise him that, if he persists in his guilty plea, the Court is not bound by the plea agreement and the disposition of the case may be less favorable than that contemplated by the plea agreement.

5. **Mandatory special assessment**: The defendant agrees to pay to the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable

financial obligation. The defendant understands that the defendant has a continuing

obligation to pay in full as soon as possible any financial obligation imposed by the

Court.

7.    **Government's agreement**: The government will not bring any additional

charges against the defendant based upon the conduct underlying and related to the

defendant's plea of guilty, including charges pursuant to 18 U.S.C. § 1956(a)(1). The

government will file a Supplement in this case, as is routinely done in every case, even

though there may or may not be any additional terms. The government will dismiss, after

sentencing, any remaining charges in the pending indictment, including the two

additional counts of violations of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5

and the three counts of violations of 18 U.S.C. § 1343. This agreement is limited to the

United States Attorney's Office for the Northern District of Texas and does not bind any

other federal, state, or local prosecuting authorities, nor does it prohibit any civil or

administrative proceeding against the defendant or any property.

8.    **Violation of agreement**: The defendant understands that if the defendant

violates any provision of this agreement, or if the defendant's guilty plea is vacated or

withdrawn, the government will be free from any obligations of the agreement and free to

prosecute the defendant for all offenses of which it has knowledge. In such event, the

defendant waives any objections based upon delay in prosecution. If the plea is vacated

or withdrawn for any reason other than a finding that it was involuntary, the defendant

also waives objection to the use against the defendant of any information or statements

the defendant has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the

defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12.   **Entirety of agreement**:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.  This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this ___11___ day of March, 2019.

ERIN NEALY COX
UNITED STATES ATTORNEY

MARY WALTERS
Texas Bar No. 24003138
SIDDHARTH MODY
Texas Bar No. 24072791
Assistant United States Attorneys
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Tel:  214.659.8600
Fax:  214.659.8812

JARED RICE, SR.
Defendant

J. NICHOLAS BUNCH
Deputy Section Chief

MICHAEL KAWI
Attorney for Defendant

STEVE P. FAHEY
Criminal Chief

U.S. v. Jared Rice, Sr.
Plea Agreement—Page 6

I have read (or had read to me) this plea agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

JARED RICE, SR.
Defendant

_____3/11/19_____
Date

I am the defendant's attorney.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

MICHAEL KAWI
Attorney for Defendant

_____3/11/19_____
Date